GASKINS, J.
hThe defendant, Ruthie Williams, appeals the trial court judgment naming the plaintiff, Joe H. Jackson, III, as the primary domiciliary parent of the parties’ daughter. For the following reasons, we reverse the trial court judgment and remand for further proceedings.
FACTS
The parties are the parents of a daughter, A. W., born October 5, 1997. The parties were never married and there was no custody decree concerning the child. The plaintiff filed suit in April 2006 to obtain custody of his daughter. He sought sole custody of the child, arguing that it was in the best interest of the child. In the alternative, he sought to be named primary domiciliary parent.
A hearing on the matter was held on June 15, 2006. The plaintiff was represented by counsel. The defendant appeared in proper person. The parties made cross-allegations against each other of using drugs, frequenting nightclubs, and having illegitimate children.
At the trial, Ms. Williams was cross-examined by the plaintiff. She stated that she had lived in at least five different locations in the past several years. In addition to A. W., she has four other children, ranging in ages from 6 to 19. The oldest child no longer lives at home. Each child has a different father and Ms. Williams has never been married.
According to Ms. Williams, A. W., who was eight years old at the time of the hearing, has stayed with a variety of people during her short life. Ms. Williams stated that the child sometimes stayed with the plaintiff, her maternal grandmother, her uncle, and a friend of Ms. Williams, Terri | ¡.Outley, Ms. Outley kept the child from the time she was six months old until the age of four. At that point, Ms. Outley attempted to leave the state with the child. After the authorities intervened, the child stayed with Mr. Jackson and his family for approximately nine months. She then returned to Ms. Williams. After A.W. resumed living with her mother, Mr. Jackson had the child for visitation every weekend for 19 months.
Ms. Williams could not remember the last time she was employed. She supports her family with Social Security and child support payments. Ms. Williams admitted having convictions for fox-gery and attempted possession of marijuana. The record shows that she was charged with possession of marijuana and disturbing the peace arising from an incident occurring on October 30, 2005. On May 18, 2006, she entered a plea of guilty to attempted possession of marijuana and was given a probated sentence.
Mr. Jackson testified that he is employed and has lived in the same house for the past six years. He has been manned for 15 years; he and his wife have four children ranging in ages from 10 to 18. He objected to Ms. Williams frequently going to clubs and having abusive relationships with men. He claimed that Ms. Williams gets “beat a lot” and the children have to call the police. He claimed that A.W. has a good relationship with his family-
Angela Jackson, the plaintiffs wife, corroborated her husband’s testimony regarding the amount of time that A.W. has spent in their home. She stated that she *759 is willing to have the child live in their home ^permanently. According to Mrs. Jackson, A.W. gets along well with her children. Mrs. Jackson stated that Ms. Williams goes to clubs frequently and has different boyfriends.
Ms. Williams took the stand and was questioned by the trial court. She claimed that the plaintiff fathered two other children, in addition to A.W., with other women during his marriage. She admitted that she has a boyfriend that frequently spends the night at her home. She denied having a drug problem, saying that she smoked marijuana 10 years ago but doesn’t any more. The court noted that she had a recent conviction for attempted possession of marijuana. During her colloquy with the court, Ms. Williams stated that she needed a continuance to try to obtain a lawyer. The trial court made no comment.
Ms. Williams claimed that Mr. Jackson decided to seek custody of A.W. only because she was seeking child support for their daughter. Ms. Williams also alleged that Mr. Jackson’s oldest son, who he does not acknowledge, has been in jail and was involved in a shooting, while her oldest child has no record and hopes to attend college. Ms. Williams asserted that Mr. Jackson and his wife are drug dealers and keep drugs in a shed behind their house. Ms. Williams pointed out that while she goes to nightclubs once a week, Mr. Jackson frequents the clubs almost every night. According to Ms. Williams, her children and the Jackson children attend the same school. Ms. Williams testified that she goes to the school almost every day for activities such as teacher appreciation meetings. She claimed that she has never seen Mrs. Jackson at the school.
14After the completion of the testimony in this matter, the trial court granted joint custody to the parties, but named Mr. Jackson as the custodial parent. Ms. Williams was granted visitation every other weekend. -In making its decision, the trial court noted that Mr. Jackson owns a house and has a job. Ms. Williams lives in a rented dwelling and is unemployed.
On July 6, 2006, Ms. Williams filed a motion for new trial. She claimed that the trial court erred in denying her motion for a continuance. She alleged that she requested a continuance to obtain a lawyer, but the request was denied. She claims that if she had had a lawyer, she would have been more effective in defending against the plaintiffs case. She also asserted that there was insufficient competent evidence to support the judgment. The trial court denied the motion for new trial. Ms. Williams appealed.
MOTION FOR NEW TRIAL-SUFFICIENCY OF THE EVIDENCE
In her motion for a new trial, Ms. Williams argued that there was insufficient evidence to support the trial court’s ruling which named Mr. Jackson as the primary domiciliary parent. This argument has merit.
La. C.C.P. art.1972 states in pertinent part:
A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) When the verdict or judgment appears clearly contrary to the law and the evidence.
La. C.C. R. art.1973 provides:
A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law.
Un the present case, the plaintiff made numerous allegations regarding Ms. Williams’ character and parenting skills that were not denied by the defendant. *760 However, Ms. Williams also made allegations that the Jacksons are involved with drugs, that Mr. Jackson goes to nightclubs almost every night, and that he has several children outside his marriage. Ms. Williams claimed that the only reason that Mr. Jackson sought custody of their child was to avoid paying child support. Ms. Williams claimed that Mrs. Jackson was not actively involved in the children’s schooling. Mr. Jackson did not refute these allegations.
Ms. Williams was unrepresented at trial, and claimed that she would have called witnesses to support her claims had she known that a hearing was to be .held on the date of trial. Also, Ms. Williams claimed that this matter was not first submitted to a hearing officer in accordance with the local court rules in the Fourth Judicial District.[1] These factors, along with the serious nature of the allegations made by each party against the other, which were mostly unrefuted, combine to produce a situation in which the trial court did not have adequate evidence to support the judgment naming Mr. Jackson as the domiciliary parent of A.W.
Accordingly, we reverse the trial court judgment and remand this matter to the trial court. The trial court is instructed to follow the applicable | Brules, including submission of this case to a hearing officer. The hearing officer is specifically directed to conduct home studies of each party and other measures in accordance with local court rules. The hearing officer and the trial court shall apply the “best interest of the child” standards in determining which party is to be the primary domiciliary parent. See La. C.C. art. 131.[2]
CONCLUSION
For the reasons stated above, we reverse the trial court judgment naming Mr. Jackson as the primary domiciliary parent of- A.W., based on insufficiency of the evidence. A new trial is ordered in this matter in accordance with law and the applicable court rules of the Fourth Judicial District Court. This matter is remanded to the trial court for further proceedings. Costs in this court are assessed to the plaintiff, Joe H. Jackson, III.
REVERSED AND REMANDED.
SEXTON, J., (Pro Tempore), concurs in the remand.

. See Fourth Judicial District Court Rules for Family and Domestic Relations Proceedings, Rule 27.1, which provides in pertinent part that:
A. After filing initial pleadings on the Family Docket, all parties will be required to attend a Hearing Officer Conference with a Hearing Officer unless waived by the assigned judge for unusual and exceptional circumstances shown, and to provide documentation to the Hearing Officer and the other party in accordance with any order(s) issued by the court....

. In the present case, because we find that there was insufficient evidence upon which to base the trial court's decision, and because we remand for further proceedings, we do not reach the issue of the denial of a continuance in this case.